substitute our judgment for that of the Board. *Mendoza,* 966 F.2d at 653.

We see no reason to disturb the Board's conclusion that Riley failed to establish good cause for his delay of five and one-half years in filing his petition for review. While Riley submitted to the Board several doctors' statements documenting his skin ailments and treatments, the Board considered these statements and reasonably concluded that they were insufficient to justify a five and one-half year delay. The doctors' statements do not suggest that Riley was incapacitated for the entire five and one-half year period. We cannot say that the Board's decision was arbitrary, capricious, an abuse of discretion, procedurally deficient, or otherwise not in accordance with law.

For the foregoing reasons, the decision of the Board is affirmed.

**Gary N. JOHNSON, Petitioner,**

v.

**DEPARTMENT OF the AIR FORCE, Respondent.**

No. 03–3077.

United States Court of Appeals, Federal Circuit.

Jan. 8, 2003.

**ORDER**

The petitioner having failed to pay the docketing fee required by Federal Circuit Rule 52(a)(1) and to file the required Statement Concerning Discrimination, it is

ORDERED that the petition for review be, and the same hereby is, DISMISSED, for failure to prosecute in accordance with the rules.

**Judy A. GROGAN, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

No. 03–3075.

United States Court of Appeals, Federal Circuit.

Jan. 8, 2003.

**ORDER**

The petitioner having failed to pay the docketing fee required by Federal Circuit Rule 52(a)(1) and to file the required Statement Concerning Discrimination, it is

ORDERED that the petition for review be, and the same hereby is, DISMISSED, for failure to prosecute in accordance with the rules.